Fred W. Rausch, Jr., Counsel Unified School District No. 390 Ambassador Building, Suite 201 220 S.W. 33rd Street Topeka, Kansas 66611
Dear Mr. Rausch:
As legal counsel for Unified School District No. 390, you request our opinion regarding whether use by a private association of a building or facility owned by a unified school district converts the building or facility into a private building or facility during the time it is used by the private association. You also ask whether alcoholic liquor may be consumed by persons attending the function being held by the private association in the school-owned building or facility.
The Hamilton Alumni Association has for several years been allowed by Unified School District No. 390 (U.S.D. No. 390) to conduct an annual reunion dinner and dance in a building owned by the school district. The only fee paid by the Alumni Association for use of the building has been to cover the costs of janitorial services required for cleaning the building. It has been alleged that alcoholic liquor was consumed on school grounds by persons attending the last Alumni Association reunion. In response to this information, you have advised the members of the Board of Education for U.S.D. No. 390 that the building remains property of the district during the time the Alumni Association conducts the reunion and that State law prohibits the consumption of alcoholic liquor on school grounds.
A unified school district is authorized to "hold such real . . . property as it may require acquire,"[1] and is required to "have control of the school-district property, including the school building or buildings, school grounds and all buildings and structures erected thereon. . . ."[2] The property is to be held in the name of the school district.[3]
 "School districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence."[4] "The board [of education] may open any or all school buildings for community purposes and may adopt rules and regulations governing use of school buildings for those purposes."[5] Likewise, a board of education may dispose of "[s]chool buildings and other school properties no longer needed by the school district . . . in such manner and upon such terms and conditions as the board deems to be in the best interest of the school district."[6] Disposal of the property may be made only "upon the affirmative recorded vote of not less than a majority of the members of the board at a regular meeting."[7] Any conveyance is to be executed by the president of the board of education and attested by the clerk.[8]
Under the circumstances presented, there was no affirmative recorded vote of the members of the Board of Education for U.S.D. No. 390 authorizing disposal of the property in which the Alumni Association conducted the reunion. As required by state statute, the Board continued to maintain control over the property during the time the reunion was taking place. Permitting a private association or organization to conduct an event on real property owned by a unified school district does not in and of itself alter ownership of the property. A private association does not by conducting an event on school premises acquire any ownership interest in the property owned by the school district. Therefore, the Hamilton Alumni Association did not acquire any ownership interest in the school-owned property during the time it conducted a reunion dinner and dance on school-owned property.
Real property owned by a unified school district is public property subject to control of the board of education.[9] Consumption of alcoholic liquor on such property is restricted. "No person shall drink or consume alcoholic liquor on public property except [when the public property falls within subsections (1) through (11)]."[10] The situation you describe does not fall within any of these exceptions.
Applicable rules of statutory construction are set forth in In reAdoption of B.M.W.[11]
 "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute."[12]
By plain and unambiguous language, the consumption of alcoholic liquor on real property owned by a unified school district is prohibited. The property in question clearly does not fall within any of the exceptions listed in subsections (c)(1) through (11) of K.S.A. 41-719. Therefore, consumption of alcoholic liquor by persons attending the Hamilton Alumni Association reunion dinner and dance taking place on school-owned property is prohibited.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 72-8201, as amended by L. 2001, Ch. 158, § 3 (emphasis denotes new language).
[2] K.S.A. 72-1033.
[3] K.S.A. 72-8201, as amended; 72-8212(d). See Attorney General Opinion No. 2000-1.
[4] Hobart v. Bd. of Ed. for Unified School District No. 309,230 Kan. 375, 383 (1981).
[5] K.S.A. 72-8212(d). See also K.S.A. 72-1033.
[6] K.S.A. 72-8212(d).
[7] Id.
[8] Id.
[9] See Lamb's Chapel v. Center Moriches Union Free Sch. Dist.,508 U.S. 384, 113 S.Ct. 2141, 124 L.Ed.2d 352 (1993); Jackson ex rel.Essien v. Unified School District No. 259, 268 Kan. 319 (2000); Attorney General Opinion No. 2000-56.
[10] K.S.A. 41-719(c).
[11] 268 Kan. 871 (2000).
[12] Id. at 883.