(156 P.3d 685)
No. 96,568

KEVIN D. POSTON, *Appellant*, v. UNIFIED SCHOOL DISTRICT NO. 387, ALTOONA-MIDWAY, WILSON COUNTY, *Appellee*.

Opinion filed April 27, 2007.

*Kala Spigarelli* and *Brian P. Duncan*, of The Spigarelli Law Firm, of Pittsburg, for the appellant.

*Teresa L. Watson* and *Larry G. Pepperdine*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for the appellee.

Before McANANY, P.J., ELLIOTT and PIERRON, JJ.

PIERRON, J.: Kevin D. Poston appeals the trial court's grant of summary judgment to Unified School District No. 387, Altoona-Midway School District (District). We affirm.

The District operates a middle school in Altoona, Kansas. The school has an indoor gymnasium, which is generally accessed through the south doors of the building. The south doors open onto a commons area; double doors lead from one side of the commons area to the gym.

In January 2003, Poston was at the middle school to pick up his stepson, who was at a city sponsored basketball practice. Poston walked through the south doors and through the commons area to the gym doors. Poston testified that he motioned to his stepson

that he was there and that it was time for the stepson to come out to the car.

Poston was exiting the building through the south doors when one of the brackets on the door came loose and fell onto Poston's head. Poston's head was cut and bleeding, and he sought medical attention.

Poston filed a petition in December 2004, claiming the District was negligent for allowing the door hinge to become loose and failing to warn him of the danger. Poston sought damages including compensation for pain and suffering, mental anguish, medical expenses, and loss of services.

The District responded by filing a motion for summary judgment. In the motion, the District argued that it was immune from liability under the recreational use exception of the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.* The District claimed that Poston's injury occurred in an area that was close enough to the indoor gymnasium to qualify as an "open area" for purposes of recreational use immunity.

In its memorandum decision, the trial court noted that Poston's injury did not take place within the gymnasium proper, but instead in the commons area adjacent to the gym. However, after reviewing the facts and appellate court precedent, the trial court concluded that the commons area was an "appendage" to the gymnasium such that it qualified under the recreational use exception. The trial court did not address the issue of whether the commons area qualified as a recreational use area in its own right, as it was sometimes used for recreational purposes. Regardless, the trial court granted the District's motion for summary judgment.

On appeal, Poston argues that the trial court erred when it determined that the commons area could be covered under the recreational use exception. He believes the commons area is not a "necessary and integral part" of the gym and is rather only "incidentally connected."

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005).

K.S.A. 2006 Supp. 75-6104 provides that a governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

"(o) any claim for injuries resulting from the use of any public property intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury."

Immunity under K.S.A. 2006 Supp. 75-6104(o) depends on the character of the property in question and not the activity performed at any given time. The plain wording of the statute only requires that the property be intended or permitted to be used for recreational purposes, not that the injury occur as the result of recreational activity. *Barrett v. U.S.D. No. 259*, 272 Kan. 250, 257, 32 P.3d 1156 (2001). Further, school gymnasiums and other similar areas have been determined to fall within the recreational use exception, even if the space is being used for noncompulsory community activities, as long as the recreational purpose was "more than incidental." *Wright v. U.S.D. No. 379*, 28 Kan. App. 2d 177, Syl. ¶ 2, 14 P.3d 437, *rev. denied* 270 Kan. 904 (2000).

Here, the trial court relied on two appellate cases when arriving at its decision. In *Wilson v. Kansas State University*, 273 Kan. 584, 44 P.3d 454 (2002), the plaintiff was injured after coming into contact with an unknown substance on a toilet seat at the Kansas State University football stadium. She argued that the recreational use exception would not apply because the restrooms within the

football stadium were not used for a recreational purpose. The Kansas Supreme Court held that the restrooms were a part of the stadium which allowed people to continue to enjoy the recreational purposes provided by the football games. 273 Kan. at 589. The court noted that there was an intent by the legislature to "establish a broad application of recreational use immunity." 273 Kan. at 592.

In *Robison v. State*, 30 Kan. App. 2d 476, 43 P.3d 821 (2002), the defendant was injured when he slipped and fell in a wet hallway between a swimming pool and a locker room. A panel of this court rejected the plaintiff's argument that the exception did not apply because it occurred in an adjacent hallway, rather than in the pool itself. 30 Kan. App. 2d at 479.

Poston argues that *Wilson* does not apply to the facts of this case because the restrooms in that case were within the stadium and served an integral purpose. Here, however, the commons area of the school lies directly adjacent to the gymnasium and provides direct access to it. Therefore, we believe the trial court correctly ruled that the exception found at K.S.A. 2006 Supp. 75-6104(o) applies. The trial court did not err by granting the District's motion for summary judgment.

Poston also argues that the commons area itself did not independently qualify under the recreational use exception. However, like the trial court, we do not believe it is necessary to determine whether that is the case, as the commons area clearly is an appurtenance to the gymnasium.

We believe this holding hews to the spirit and the particular language of K.S.A. 2006 Supp. 75-6104.

Affirmed.

McANANY, P.J., dissenting: I must respectfully dissent. Accountability for one's torts is the rule, not the exception. The District had the burden to establish an exception under the Kansas Tort Claims Act that immunized it from liability for Poston's claim. I would find that it has failed to do so.

The purpose of the immunity provisions of the Act is to encourage the development of recreational areas. Immunity depends upon the character of the property. The issue is "whether the prop-

erty was 'intended or permitted to be used for recreational purposes.' " *Jackson v. U.S.D. 259,* 268 Kan. 319, 330, 995 P.2d 844 (2000). Further, the recreational use must be more than merely incidental.

The door where Poston was injured led from outside the school building into the commons area. The primary function of the commons area is to serve as the lunch room for students. It is used for other school education functions, but its recreational use is purely incidental. As pointed out in oral argument, once in the commons area, one can go in different directions to the principal's office, the school classrooms, and the gymnasium. There is no doubt about the recreational nature of the gymnasium and the tort immunity that attaches to it. I would not conclude that the gymnasium's immunity extends to the adjoining commons area simply because they are contiguous.

The majority relies on cases which expand the scope of the exception under circumstances which, I submit, do not apply here. *Wilson v. Kansas State University,* 273 Kan. 584, 44 P.3d 454 (2002), immunized the university for injuries sustained in a restroom located *in* the football stadium. The door where Poston was injured led from the commons area to the outside of the building. It was not located in the gymnasium, and did not connect the commons area to the gymnasium. Relying on *Nichols v. U.S.D. No. 400,* 246 Kan. 93, 785 P.2d 986 (1990), this court found in *Robinson v. State,* 30 Kan. App. 2d 476, 43 P.3d 821 (2002), that the State was immune from suit for an injury in a slippery hallway between a swimming pool and the locker room. *Nichols* dealt with a player's injury that occurred while he was running from the football practice field to the locker room. It seems to me that the use of a locker room by a swimmer or a football player and traveling thence to the pool or the football field is so integrated into the recreational activity as to justify extending immunity to injuries occurring along the path leading from one to the other. Clearly, that analysis does not apply here.

As the court stated in *Barrett v. U.S.D. No. 259,* 272 Kan. 250, 260, 32 P.3d 1156 (2001):

"It is true that a student in a gym is arguably similarly situated as one in a classroom. However, distinguishing between a student injured in the gym and one who is injured in the classroom is rationally related to the purpose of the statute. The school district needs little incentive to create classrooms; however, the same cannot be said of recreational facilities such as gyms and football fields. While these facilities undoubtedly enhance the educational process, they also provide value to the public as places for recreational activities. The statute encourages their development by a grant of limited governmental immunity."

I respectfully contend that an injury in the school lunch room (the essential use of the commons area) should be treated no differently from an injury in a classroom. The fact that a classroom is next to the gymnasium does not immunize conduct in the classroom. The same rule should apply here to the commons area.