(14 P.3d 437)
No. 84,038

TRAVIS WRIGHT, by and through his parents, MARY WRIGHT and WAYNE WRIGHT, *Appellant/Cross-appellee*, v. UNIFIED SCHOOL DISTRICT NO. 379, BENNY WALLACE, and KEITH GEORGE, *Appellees/Cross-appellants*.

Opinion filed August 18, 2000.

*Steven Hornbaker, Dan M. McCulley*, and *Craig J. Altenhofen,* of Harper, Hornbaker, Altenhofen & Opat, Chartered, of Junction City, for appellant/cross-appellee.

*Lawton M. Nuss,* of Clark, Mize & Linville, Chartered, of Salina, for appellees/cross-appellants.

GREEN, P.J., GERNON, J., and PHILIP C. VIEUX, District Judge, assigned.

GREEN J.: Plaintiff Travis Wright appeals from the decision of the trial court granting summary judgment in favor of the defendants, Unified School District No. 379 (U.S.D. No. 379), Benny Wallace, and Keith George. Wright sued the defendants, claiming that the proximate cause of his injury was the negligence of the

defendants in allowing Wallace, who was a former high school wrestler, to wrestle Wright. Defendants moved for summary judgment, maintaining that they were immune from liability under K.S.A. 75-6104(0), the recreational use exception of the Kansas Tort Claims Act. Although the trial court initially granted defendants' motion, the trial court later reversed itself. The trial court had determined that K.S.A. 75-6104(o) was only applicable to outdoor areas, and since the wrestling room was not outdoors, defendants were not immune from liability under the recreational use exception. Later, the trial court granted defendants' motion for summary judgment based on the discretionary function exception. Defendants cross-appeal from the judgment of the trial court denying their summary judgment motion on different grounds.

The issues are: (1) Whether the defendants are immune from liability under the recreational use exception of K.S.A. 75-6104(o); and (2) if they are, whether the trial court erred in denying the defendants' motion for summary judgment on those grounds. We conclude that the trial court should have granted the defendants' motion based on the recreational use exception. As a result, we affirm in part and reverse in part.

During February 1996, Wright was a student at Clay Center Community High School, a high school under the control of U.S.D. No. 379 and operating under the laws of the State of Kansas. Wright was participating in wrestling practice under the direction of Keith George, Wright's wrestling coach. George was an employee of U.S.D. No. 379. Wallace, a former student at Clay Center Community High School, was asked by George to come wrestle Wright because there was no one on the team with Wright's size and wrestling skills. As Wallace and Wright were wrestling, Wallace placed a move on Wright which caused a severe injury to Wright's left knee. When the accident occurred, George and his assistant coach were wrestling other students.

The practice and injury occurred in the wrestling room, which is in the southeast corner of the gym, adjacent to the weight room, and connected to the weight room by common double doors. The wrestling room, weight room, and gym are physically connected and are considered part of the school's physical education facility.

The gym, wrestling and weight rooms, and the surrounding outdoor areas are open to the public for activities. The gym is utilized by the public for kids' wrestling, drill team, professional wrestling, twirling, alumni basketball, tournaments, and pep rallies. The surrounding outdoor areas have been utilized by the public for tennis, flag football, golf, camping for Bike Across Kansas, and walking and jogging on the track. The wrestling and weight rooms have been utilized by the public for weightlifting, aerobics, and wrestling activities. The school district's general policy for use of its areas is that unless an organized school activity is utilizing those areas, they are open to the public. When a school activity is occurring in one area, the other areas are simultaneously open for public use.

K.S.A. 75-6104 provides, in pertinent part:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"o) any claim for injuries resulting from the use of any public property intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury."

Wright argues the wrestling room is not a "park, playground or open area" within the meaning of K.S.A. 75-6104(o). He also urges this court to remand for a determination of whether any alleged recreational use intended or permitted in the wrestling room was more than incidental.

Our Supreme Court, in *Jackson v. U.S.D. 259*, 268 Kan. 319, 995 P.2d 844 (2000), recently resolved this issue. In *Jackson*, the plaintiff was injured while he participated in a required physical education class at a Wichita middle school. The teacher allowed students to use a large wooden springboard to catapult themselves into the air to try to touch the basketball goal rim or dunk the basketball. Jackson was injured attempting this act.

The *Jackson* court held that the indoor high school gymnasium was an "open area" for the purposes of K.S.A. 75-6104(o). 268 Kan. at 325. *Jackson* specifically rejected the argument that the application of K.S.A. 75-6104(o) was limited to outdoor areas. "It defies common sense to hold that K.S.A. 75-6104(o) provides immunity

from injuries which occur on a football field, a baseball field, a track and field area, and a sledding area, but not on an indoor basketball court solely because it is indoors." 268 Kan. at 325. Accordingly, it also defies common sense to hold K.S.A. 75-6104(o) provides immunity from injuries which occur in a gymnasium but not in a wrestling room. *Jackson* further emphasized that the injury need not be the result of participating in "recreation" so long as the injury results on public property " 'intended or permitted to be used . . . for recreational purposes.' " 268 Kan. at 326.

Finally, a remand of this case is unnecessary because the record in the present case contains sufficient factual information about the use of the Clay Center Community High School wrestling room. The wrestling room and weight room are connected by common double doors. The wrestling room, weight room, and gym are physically connected and considered part of the high school's physical education facility. Along with physical education activities during the school day, the wrestling and weight rooms have been utilized by the public for weightlifting, aerobics, and wrestling activities. The gymnasium has been used by the public for kids' wrestling, drill team, professional wrestling, twirling, alumni basketball, tournaments, and pep rallies. It is the school district's general policy that unless an organized school activity is utilizing the aforementioned areas, they are open to the public. When a school activity is occurring in one area, the other areas are simultaneously open for public use. Further, the wrestling room is obviously the location where wrestling practice is held. Being a member and practicing with the school wrestling team is a noncompulsory, extracurricular activity which, unlike compulsory physical education, is considered a recreational activity.

As a result, we determine that the wrestling room was permitted to be used for recreational purposes and that such use was more than incidental.

Affirmed in part and reversed in part.