(31 P.3d 989)
No. 86,117

LARRY JACKSON JR., a Minor, by and through his Mother, Natural Guardian, and Next Friend VIRGIE ESSIEN, and VIRGIE ESSIEN, Individually, *Appellants,* v. UNIFIED SCHOOL DISTRICT NO. 259, SEDGWICK COUNTY, KANSAS, *Appellee,* and CARLA J. STOVALL, KANSAS ATTORNEY GENERAL, *Intervenor.*

Opinion filed September 21, 2001.

*Shayla C. Johnston,* of Johnston Law Offices, P.A., of Wichita, for appellants.

*Robert G. Martin* and *Richard W. James,* of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellee.

*William Scott Hesse,* assistant attorney general, for intervenor.

Before MARQUARDT, P.J., GERNON, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

MARQUARDT, J.: This is Larry Jackson, Jr.'s second appeal. In the prior appeal, *Jackson v. U.S.D. 259*, 268 Kan. 319, 995 P.2d 844 (2000) (*Jackson I*), the Kansas Supreme Court remanded the case to the trial court for a factual determination.

Jackson, a middle school student, attended a mandatory physical education class in the school gymnasium. After performing the required gymnastics, a student asked the teacher if the students could use a springboard to touch the rim of the basketball goal. The teacher consented. Jackson ran and launched off the springboard towards the basketball goal. Jackson's feet went out from under him and he landed on his back on a mat. Jackson's arm struck the edge of the springboard, which caused a compound fracture of both bones in his forearm.

Jackson sued Unified School District 259 (District) for negligence. The District filed a motion for summary judgment based on K.S.A. 75-6104(o), the "recreational use" exception to the Kansas Tort Claims Act (KTCA). The trial court granted the motion. Jackson appealed.

Because the Kansas Supreme Court held that it is possible for a gymnasium to fall within the recreational use exception, it remanded the case "for a factual determination of whether the school gymnasium is intended or permitted to be used for recreational purposes." 268 Kan. at 333.

On remand, the District filed a motion for summary judgment. Jackson filed a motion for partial summary judgment and argued that K.S.A. 75-6104(o), as interpreted by the Kansas Supreme Court in *Jackson I*, violated his equal protection and due process rights under the Kansas and United States Constitutions. The Attorney General intervened in the case pursuant to K.S.A. 60-224(a)(1) and K.S.A. 60-1712 to argue the constitutionality of K.S.A. 75-6104(o).

The trial court granted the District's motion for summary judgment and denied Jackson's motion. Jackson timely appeals.

Section 1 of the Fourteenth Amendment to the United States Constitution provides in relevant part:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person

of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Jackson cites three sections from the Kansas Constitution Bill of Rights under which he claims that his rights have been violated.

"All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness." Kan. Const. Bill of Rights, § 1.

"All political power is inherent in the people, and all free governments are founded on their authority, and are instituted for their equal protection and benefit. No special privileges or immunities shall ever be granted by the legislature, which may not be altered, revoked or repealed by the same body; and this power shall be exercised by no other tribunal or agency." Kan. Const. Bill of Rights, § 2.

"All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay." Kan. Const. Bill of Rights, § 18.

When the constitutionality of a statute is challenged, the appellate court has unlimited de novo review. *Injured Workers of Kansas v. Franklin,* 262 Kan. 840, 844, 942 P.2d 591 (1997). The constitutionality of a statute is presumed and all doubts as to its validity are resolved in favor of constitutionality. Before determining that a statute is unconstitutional, the statute must clearly appear to violate the Constitution. *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./Kansas City,* 264 Kan. 293, 300, 955 P.2d 1136 (1998).

All parties to this appeal agree that in analyzing the constitutionality of this statute, the rational basis standard should be used. Under the rational basis standard, the law will withstand a constitutional challenge even if similarly situated classes of individuals are treated differently as long as there is some reasonable relationship to a valid legislative objective. *Franklin,* 262 Kan. at 847. This analysis requires a finding of a valid State interest and a reasonable relationship between the legislation and that interest.

The parties disagree on what constitutes a reasonable relationship between the legislation and the State's interest. The Attorney General argues that Jackson must "negate every conceivable basis" of the legislation. Jackson argues that the Attorney General misinterprets the case law. We agree with the Attorney General that under the rational basis standard, those attacking the rationality of

the legislative classification have the burden to negative every conceivable basis which might support it. See *Peden v. Kansas Dept. of Revenue,* 261 Kan. 239, 263, 930 P.2d 1 (1996), *cert. denied* 520 U.S. 1229 (1997).

Jackson concedes that the State has a valid interest in the legislation; however, he argues that the Kansas Supreme Court's interpretation of K.S.A. 75-6104(o) will cause increased litigation because liability will have to be determined on a case-by-case basis. The District responds that a case-by-case approach to liability determination will be less expensive. Litigation costs exist irrespective of where the courts draw the line between a tort that is compensable and one that is not.

Furthermore, in *Jackson I,* the Kansas Supreme Court stated:

"The purpose of K.S.A. 75-6104(o) is to provide immunity to a governmental entity when it might normally be liable for damages which are the result of ordinary negligence. This encourages governmental entities to build recreational facilities for the benefit of the public without fear that they will be unable to fund them because of the high cost of litigation. The benefit to the public is enormous. The public benefits from having facilities in which to play such recreational activities as basketball, softball, or football, often at a minimal cost and sometimes at no cost. The public benefits from having a place to meet with others in its community. In the case of an indoor gymnasium, the public benefits from having a place to participate in recreational activities when the weather outside is wet or cold." 268 Kan. at 331.

There is a valid State interest in this legislation. There is also a rational connection between the valid State interest and the legislation. We hold that K.S.A. 75-6104(o) is constitutional.

Next, Jackson argues that K.S.A. 75-6104(o) violates his due process rights because the statute does not provide a right for the student to seek redress for injuries caused by the negligence of teachers or coaches.

The Attorney General and the District argue that Jackson failed to raise the due process argument below and is, therefore, precluded from arguing it on appeal. Where constitutional grounds for reversal are asserted for the first time on appeal, they are not properly before the appellate court for review. *Ruddick v. Boeing Co.,* 263 Kan. 494, 498, 949 P.2d 1132 (1997).

In his supplemental brief, Jackson argues that the due process argument was implicit in his equal protection argument before the trial court and that his argument addresses the denial of the fundamental right of full access to the courts. Appellate courts will address a constitutional argument for the first time on appeal if it is necessary to serve the interests of justice or prevent the denial of a fundamental right. *In re M.M.L.,* 258 Kan. 254, 261, 900 P.2d 813 (1995).

Jackson's due process argument is not properly before this court and the exception to the rule in *M.M.L.* does not apply in this case. A fundamental right as set forth in the Fourteenth Amendment to the United States Constitution prohibits states from depriving any person of life, liberty, or property without due process of law. U.S. Const. Amend. XIV, § 1.

Jackson asserts that the KTCA took away his right to seek recovery for simple negligence. It is true that the recreational use exception is a change from the general rule of liability found in K.S.A. 75-6103; however, governmental immunity was a part of the common law at the time the Kansas Constitution was adopted. *Brown v. Wichita State University,* 219 Kan. 2, 5, 547 P.2d 1015 (1976). This immunity applied to school districts. See *McGraw v. Rural High School,* 120 Kan. 413, 243 Pac. 1038 (1926). While it appears that the legislature has failed to provide a remedy for simple negligence in this case, Jackson has failed to establish there ever was such a remedy.

Finally, Jackson argues that the trial court erred in granting the District's motion for summary judgment and finding the recreational use of the gymnasium was beyond incidental.

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could

differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Bergstrom v. Noah,* 266 Kan. 847, 871-72, 974 P.2d 531 (1999).

K.S.A. 75-6104(o) merely requires that the location be "intended or permitted to be used . . . for recreational purposes." The Kansas Supreme Court noted in *Jackson I* that "[t]he injury need not be the result of 'recreation.' " 268 Kan. at 326. The minimum amount of recreational use must be something more than incidental. 268 Kan. at 330.

This court in *Wright v. U.S.D. No. 379,* 28 Kan. App. 2d 177, 179, 14 P.3d 437 (2000), addressed whether the recreational use exception in K.S.A. 75-6104(o) applied to a wrestling room. The *Wright* decision was issued after *Jackson I.* In *Wright,* the denial of the defendant's motion for summary judgment was based on the recreational use exception, and the court held the defendants could not be exempt from liability because the wrestling room was not outdoors. The Court of Appeals rejected that approach in applying the rule in *Jackson I,* which held the wrestling room could be an "open area" as contemplated in K.S.A. 75-6104(o). 28 Kan. App. 2d at 179-80.

The *Wright* court did not remand the case because there was sufficient evidence in the record on appeal to support summary judgment.

"Along with physical education activities during the school day, the wrestling and weight rooms have been utilized by the public for weightlifting, aerobics, and wrestling activities. The gymnasium has been used by the public for kids' wrestling, drill team, professional wrestling, twirling, alumni basketball, tournaments, and pep rallies. It is the school district's general policy that unless an organized school activity is utilizing the aforementioned areas, they are open to the public. When a school activity is occurring in one area, the other areas are simultaneously open for public use. Further, the wrestling room is obviously the location where wrestling practice is held. Being a member and practicing with the school wrestling team is a noncompulsory, extracurricular activity which, unlike compulsory physical education, is considered a recreational activity." *Wright,* 28 Kan. App. 2d at 180.

Similar facts are found in the present case. The District's motion for summary judgment submitted the following:

"9.    During the 1994-95 school year, the Hamilton Middle School gymnasium was used by the public. The Wichita Police Department had a substation located at the school, and the police officers used the gymnasium during non-school hours for recreational activities such as basketball. AYSO soccer groups were allowed to use the gym during bad weather. Church groups in various basketball leagues would use the gymnasium for tournaments on Friday evenings and/or weekends. The Emmanual Baptist Church, located directly across the street from Hamilton Middle School, also used the school's gymnasium from time to time. YMCA-sponsored activities took place in the Hamilton Middle School gymnasium after school hours, including arts, crafts and cheerleading. There were also after-school activities sponsored jointly by the City of Wichita and USD 259 to help care for children after school had been dismissed. Costs for these activities were paid by the city of Wichita."

Jackson opposed the District's motion for summary judgment but agreed with the above facts. It is clear that the room in the present case was used by community groups for recreational purposes beyond incidental use.

Just as the court in *Wright* held as a matter of law, a room with similar characteristics qualified for the recreational use exception. We hold that the room in this case qualified for the recreational use exception.

Affirmed.