(44 P.3d 490)

No. 87,772

LINDA JANE WISEMAN, *Appellant*, v. U.S.D. NO. 348, *Appellee*.

Opinion filed April 19, 2002.

*Eugene C. Riling*, of Riling, Burkhead & Nitcher, Chtd., of Lawrence, for appellant.

*Brian G. Boos*, of Gehrt & Roberts, Chartered, of Topeka, for appellee.

Before LEWIS, P.J., ELLIOTT and MARQUARDT, JJ.

MARQUARDT, J.: Linda Jane Wiseman appeals the trial court's grant of summary judgment for Unified School District No. 348 (U.S.D. No. 348), holding that Wiseman was a statutory employee

under the Workers Compensation Act (Act) and barred from bringing a tort action against U.S.D. No. 348. We affirm.

Wiseman was a special education teacher for the East Central Kansas Cooperative in Education (Cooperative) located in Baldwin City. The Cooperative, U.S.D. No. 348, and two other school districts in the area had an interlocal agreement which provided that the Cooperative was to "provide, through a cooperative effort, educational services in those areas of special education that are mandated by both federal and state legislation."

On December 1, 1998, Wiseman was loading special education students into the school district's automobile when a school bus backed into the automobile. Wiseman was knocked down on the pavement, which caused injuries to her back.

Wiseman brought a negligence action against U.S.D. No. 348. U.S.D. No. 348 moved for summary judgment, arguing that Wiseman was a statutory employee and the Act was her exclusive remedy.

Wiseman timely appeals the trial court's grant of summary judgment to U.S.D. No. 348.

"The standard of review for a motion for summary judgment is well established. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. K.S.A. 60-256(c). On appeal, we apply the same rules, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Jackson v. U.S.D. 259*, 268 Kan. 319, 322, 995 P.2d 844 (2000).

Wiseman argues that she was performing "abnormal work" at the time of her injury; therefore, she was not a statutory employee within the meaning of the Act.

Under the exclusive remedy provision of the Act, if an employee can recover workers compensation for an injury, he or she is barred from bringing a negligence suit for damages against an employer or coemployee. K.S.A. 44-501(b); *Scott v. Wolf Creek Nuclear Operating Corp.*, 23 Kan. App. 2d 156, 158, 928 P.2d 109 (1996).

Wiseman relies on *Bright v. Cargill, Inc.*, 251 Kan. 387, 837 P.2d 348 (1992), where an employee of Southwest and Associates

(Southwest), specializing in metal fabrication, was working in a grain elevator owned by Cargill. Bright was severely injured by an accident negligently caused by Nanny, who was an employee of LSI, a temporary employment agency that had assigned Nanny to work at Cargill. Bright brought a negligence action against Cargill, LSI, and others. Cargill filed a motion for summary judgment, asserting that it was Bright's K.S.A. 44-503 statutory employer and, consequently, Bright's exclusive remedy was under the Act. The trial court granted Cargill's motion for summary judgment, reasoning that Bright and Southwest were engaged in something that was necessarily inherent in and an integral part of Cargill's trade or business; therefore, Bright was Cargill's statutory employee. *Bright*, 251 Kan. at 391-92.

The *Bright* court stated that the test to determine whether the work which gave rise to the worker's injury was a part of the principal's trade or business under K.S.A. 44-503(a) was the test taken from *Hanna v. CRA, Inc.*, 196 Kan. 156, 159-60, 409 P.2d 786 (1966), which is as follows: (1) Is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? and (2) Is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal? If either of the foregoing questions is answered in the affirmative, the work being done is part of the principal's "trade or business," and the injured employee's sole remedy against the principal is under the Act. 251 Kan. at 393-94.

After applying the *Hanna* test, the *Bright* court held that Cargill had not shown as a matter of law that the work being performed by Bright and Southwest was inherent in and an integral part of Cargill's trade or business. 251 Kan. at 399.

Here, Wiseman argues that she clearly established the following facts: She was employed by the Cooperative teaching preschool children with learning disabilities, physical handicaps, and behavior problems; she conducted her own teaching methods and curriculum for the children under the supervision of the Cooperative; U.S.D. No. 348 personnel were not trained and did not engage in

such activities; and neither the bus driver nor the automobile driver was her coemployee.

The undisputed evidence showed the following: Wiseman was an employee of the Cooperative, which had a contract with U.S.D. No. 348 to provide special education; U.S.D. No. 348 was responsible for the transportation of the children to the attendance center; and Wiseman was injured while loading her students into the school vehicle on school property. Providing special education for preschool children is an inherent and integral part of the business of U.S.D. No. 348. Helping children get into the district vehicle, which was driven by the school district driver, was not "abnormal work," contrary to Wiseman's argument.

The work performed by Wiseman was inherent and integral to the trade and business of U.S.D. No. 348. Based on the *Hanna* test, Wiseman's sole remedy against U.S.D. No. 348 was under the Act. This case is factually distinguishable from *Bright*. The trial court did not err in granting summary judgment for U.S.D. No. 348.

Affirmed.