(85 P.3d 1259)

No. 90,972

MARLENE JACKSON, *Appellant,* v. CITY OF NORWICH, *Appellee.*

Opinion filed March 19, 2004.

*Theodore C. Giesert* and *Gregory C. Graffman,* of Geisert, Wunsch & Watkins, of Kingman, for appellant.

*Allen G. Glendenning,* of Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd, of Great Bend, for appellee.

Before PIERRON, P.J., HILL and MCANANY, JJ.

HILL, J.: In this personal injury case, Marlene Jackson asks us to reverse the district court's order granting summary judgment to the City of Norwich (the City). Jackson was injured after she stepped into a depression in the earth around a covered water valve in an open area in a city park in Norwich. After concluding that there is no evidence of reckless and wanton conduct on the part of the City, we affirm.

The parties do not dispute the facts. Highly summarized, the record reveals that Jackson attended a ball game at the City Park in the City on June 29, 2000. After the game was over and the lights for the ball field had been turned off, Jackson walked across the park and, in a grassy area between the ball diamond and the swimming pool, stepped sideways into a depression in the earth around a covered water valve. The cover was at a lower elevation than the surrounding ground. The deepest part of the depression was approximately 5-6 inches. The water valve cover and surrounding ground had been essentially in the same condition for more than 13 years.

Jackson's ankle rolled, and she suffered damaged ligaments and tendons and a stress fracture of her ankle. Ultimately, her injuries resulted in reflex sympathetic dystrophy. Jackson filed suit, seeking damages for medical expenses, pain and suffering, lost earnings, and lost consortium.

The district court granted the City summary judgment, ruling that Jackson's claim was barred by the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.*, and our statute of repose. Jackson contends that both rulings are erroneous.

Our summary judgment rules are well known and frequently quoted:

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Bergstrom v. Noah,* 266 Kan. 847, 871-72, 974 P.2d 531 (1999).

We will therefore apply the same rules as the district court and see if reasonable minds could differ from the conclusions of that court.

In K.S.A. 2003 Supp. 75-6104, the KTCA provides:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

"(o) any claim for injuries resulting from the use of any public property intended or permitted to be used as a park, playground or open area for recreational purposes, unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury."

Jackson, the City, and the district court all agreed that since she was injured in an open area used for recreational purposes, Jackson had the burden to show that the City was guilty of gross and wanton negligence. In support of her position against summary judgment, Jackson raised three disputed factual contentions that she believed should be questions for a jury to decide:

- whether Jackson was walking forward or backward at the time of her injury;
- whether the physical feature which caused Jackson's injury was a hole or depression; and
- whether the lights on the street or the ball diamond were on at the time of her injury.

We do not see how these factual contentions help Jackson. Assuming that there is a dispute regarding how Jackson was walking, it is not material to the issue of whether the City was guilty of gross and wanton negligence proximately causing her injury. The same is true regarding the "hole versus depression" argument. Whatever label Jackson seeks to put on the area, she offers no facts that controvert the facts submitted by the City. The facts regarding the conditions of the area in the park remain undisputed.

The City argues that the issue of the availability of light at the scene is a manufactured dispute. Jackson's husband stated there was enough light to see the depression clearly when he walked up to help his wife after her fall. Jackson did not allege the lack of lights was the basis of the negligent act by the City; therefore, the availability of light in the area is not a material fact to be determined by the jury.

Jackson also contends that it is up to the jury to decide whether the City committed gross and wanton negligence that proximately

caused her injury. Jackson believes that she has proven the City had knowledge of the dangerous condition associated with the hole at night and, therefore, the question should go to the jury. She contends that the testimony of the city maintenance worker who mowed that area of the park in the summer, used a weedeater on grass around the indentation, and removed debris from it proves that "the City was aware that danger could occur because of visibility issues" and "signage or extra precaution should have been used around the hole."

A similar argument was raised unsuccessfully by the plaintiff in *Robison v. State*, 30 Kan. App. 2d 476, 43 P.3d 821 (2002). Robison slipped and fell and sustained injuries in a wet hallway between a swimming pool and a locker room in a building owned by the State. The trial court granted the State summary judgment and this court affirmed, ruling that the recreational use exception under 75-6104(o) barred the action. Robison argued the evidence of gross and wanton negligence overcame the recreational use exception. This court disagreed and held:

"Wanton conduct is established by the mental attitude of the wrongdoer rather than by the particular negligent acts. *Friesen v. Chicago, Rock Island & Pacific Rld.*, 215 Kan. 316, 322, 524 P.2d 1141 (1974). Wantonness requires that there be a realization of imminent danger and reckless disregard, indifference, and unconcern for probable consequences. 215 Kan. at 323." 30 Kan. App. 2d at 479.

Just as in *Robison*, Jackson has failed to come forward with any evidence that the City in this case had realized there was imminent danger but nevertheless recklessly disregarded concerns for probable consequences of how it maintained the area around the water valve. See *Robison*, 30 Kan. App. 2d at 479. Jackson is not successful in proving the City's knowledge of any dangerous condition in the park or in establishing gross and wanton negligence by the City. We find no error in the district court's order granting summary judgment to the City. Because we are affirming the district court on this basis, we need not review the issue raised concerning the statute of repose.

Affirmed.